UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH GOMEZ, an individual,<br><br>Plaintiff,<br><br>v.<br><br>NATIONSTAR MORTGAGE, LLC, a Delaware Limited Liability Company; QUALITY LOAN SERVICE CORPORATION, a California Corporation; and DOES 1-100, INCLUSIVE,<br><br>Defendants. | No. 2:18-cv-1080 JAM DB PS<br><br>ORDER AND<br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, Elizabeth Gomez, is proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

On October 11, 2018, the undersigned issued an order setting this matter for a status conference on November 16, 2018. (ECF No. 16.) Pursuant to the order plaintiff was to file a status report on or before November 2, 2018. (Id. at 2.) The order warned plaintiff that the failure to file a status report could result in a sanction. (Id. at 3.) Plaintiff, however, failed to file a timely status report.

Accordingly, on November 9, 2018, the undersigned issued to plaintiff an order to show cause. (ECF No. 19.) Specifically, plaintiff was ordered to show cause in writing within fourteen

1

days as to why this case should not be dismissed for lack of prosecution. (Id. at 2.) The status conference was also continued to December 7, 2018, and plaintiff was ordered to file a status report on or before November 23, 2018. (Id.) Plaintiff was warned that the "failure to timely comply" with that order "may result in a recommendation that this action be dismissed for lack of prosecution[.]" (Id. at 3.) Again, however, plaintiff failed to respond to the court's order.

## ANALYSIS

The factors to be weighed in determining whether to dismiss a case for lack of prosecution are as follows: (1) the public interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition on the merits; and (5) the availability of less drastic sanctions. Hernandez v. City of El Monte, 138 F.3d 393, 398 (9th Cir. 1998); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992); Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988). Dismissal is a harsh penalty that should be imposed only in extreme circumstances. Hernandez, 138 F.3d at 398; Ferdik, 963 F.2d at 1260.

Failure of a party to comply with the any order of the court "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Local Rule 110. Any individual representing himself or herself without an attorney is nonetheless bound by the Federal Rules of Civil Procedure, the Local Rules, and all applicable law. Local Rule 183(a). A party's failure to comply with applicable rules and law may be grounds for dismissal or any other sanction appropriate under the Local Rules. Id.

Here, plaintiff has repeatedly failed to file a status report. And plaintiff has repeatedly failed to respond to the orders of this court. Plaintiff was warned that the failure to file a written response to the court's order could result in a recommendation that this matter be dismissed. Plaintiff, nonetheless, failed to respond to the court's order.

Plaintiff's lack of prosecution of this case renders the imposition of monetary sanctions futile. Moreover, the public interest in expeditious resolution of litigation, the court's need to manage its docket, and the risk of prejudice to the defendant all support the imposition of the

sanction of dismissal.  Only the public policy favoring disposition on the merits counsels against dismissal.  However, plaintiff's failure to prosecute the action in any way makes disposition on the merits an impossibility.  The undersigned will therefore recommend that this action be dismissed due to plaintiff's failure to prosecute as well as plaintiff's failure to comply with the court's orders.  See Fed. R. Civ. P. 41(b).

Accordingly, IT IS HEREBY ORDERED that the December 7, 2018 Status Conference is vacated.

Also, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's March 29, 2018 complaint (ECF No. 1-1) be dismissed without prejudice; and

2. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  November 30, 2018

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.pro se\gomes1080.dlop.f&rs

3